ISHEE, J.,
for the Court.
¶ 1. In April 2005, Lavera Barker filed a complaint for divorce against her husband, Raymond Barker, alleging several fault-based grounds and irreconcilable differences. In April 2007, both parties agreed to a voluntary divorce based on irreconcilable differences and signed a property settlement agreement to control the division of their assets. Those assets primarily consisted of the equity in the marital home *163 located in Hernando, Mississippi, with an agreed value of $82,616.60, and the equity in three rental homes owned by the couple in Horn Lake, Mississippi, with an agreed total value of $87,533.56. The chancellor noted that the parties had also agreed to divide the remaining property between themselves.
¶ 2. At the time of them divorce, Lavera and Raymond had been married for ten years, had no children, and both had health-related issues. They had been separated for the last two years of their marriage. Raymond had emphysema, and Lavera had just been diagnosed with hepatitis. Because of his emphysema, Raymond was unemployed and was receiving social security benefits in the amount of $1,728 per month. Following Raymond’s separation from Lavera, he resided in one of the three rental homes.
¶ 3. At the time of trial, Lavera had filed for disability benefits based on her hepatitis and was awaiting a decision. However, she had not filed for benefits based on Raymond’s disability. To further support herself, Lavera was receiving some money from the state, as well as food stamps and financial assistance from her mother who lived with her in the marital home.
¶ 4. The parties had initially agreed on all issues, but just before the hearing on the matter, Lavera changed her mind and rejected the agreement. Thereafter, the parties negotiated another agreement. In the final property settlement, Lavera chose to retain the marital home and to assume responsibility for its mortgage, while Raymond received the rental homes and assumed responsibility for the mortgages on those properties. Each of the parties received an unencumbered vehicle, and they tried to divide the remaining marital property evenly. The parties submitted to the chancery court the only remaining issues of whether Lavera was entitled to an award of any alimony from Raymond and whether Lavera was entitled to an award of attorney’s fees.
¶ 5. In the “Judgment of Divorce” handed down in June 2007, the chancellor found that: (1) the parties’ marital assets were about the same; (2) Raymond had additional nonmarital assets; and (3) Raymond had some income from the rental houses. Accordingly, the chancellor found that Lavera was entitled to rehabilitative alimony in the sum of $200 per month for two years, but she was not entitled to an award of attorney’s fees.
¶ 6. Aggrieved, Lavera now appeals, asserting that: (1) the chancellor erred in not awarding her lump-sum alimony; (2) the chancellor erred in not awarding her permanent alimony; and (3) the award of rehabilitative alimony was insufficient. Finding no error, we affirm the judgment of the chancery court.
STANDARD OF REVIEW
¶ 7. “Our scope of review of an alimony award is well-settled. Alimony awards are within the discretion of the chancellor, and his discretion will not be reversed on appeal unless the chancellor was manifestly in error in his finding of fact and abused his discretion.” Ethridge v. Ethridge, 648 So.2d 1143, 1145-46 (Miss.1995) (quoting Armstrong v. Armstrong, 618 So.2d 1278, 1280 (Miss.1993)).
DISCUSSION

(1) The chancellor did not err in fuüiug to award permanent alimony.

¶ 8. The factors to be used by a chancellor in determining whether to make an award of permanent alimony are well-settled, as stated by the supreme court in Armstrong, 618 So.2d at 1280. Those factors are as follows: (1) the parties’ income and expenses; (2) the parties’ health and *164 earning capacities; (3) the needs of each party; (4) the obligations and assets of each party; (5) the length of the marriage; (6) the presence or absence of minor children in the home, which may require one or both of the parties to provide childcare; (7) the parties’ ages; (8) the parties’ standard of living both during the marriage and at the time support is determined; (9) the tax consequences of the spousal support order; (10) fault or misconduct; (11) wasteful dissipation of assets by either party; and (12) any other factor deemed by the court to be “just and equitable.” Id.
¶ 9. Although the chancellor did not make specific findings of fact with respect to each of these factors, it is clear from his opinion that he did evaluate the overall need for alimony, and he did make specific findings based on the factors regarding the parties’ income and expenses, the parties’ health and earning capacities, the obligations and assets of each party, and the length of the marriage. The chancellor also referenced the fact that he had considered all of the necessary factors in making his decision. Furthermore, the record was short, and the only issues about which the witnesses testified concerned the alimony factors. At various times during the proceeding, the attorneys stated that they were eliciting testimony from their witnesses as to the Armstrong factors.
¶ 10. Ultimately, both parties were disabled and were receiving or waiting to receive social security disability benefits. Aside from Raymond’s disability income, he received some additional income from two rental homes. Based upon those facts, the chancellor awarded Lavera rehabilitative alimony, but refused to award permanent alimony. Under our standard of review, we cannot say that the chancellor was manifestly in error or abused his discretion in failing to award permanent alimony to Lavera.

(2) The chancellor did not err in failing to award lump-sum alimony.

¶ 11. The factors to be used by a chancellor in considering an award of lump-sum alimony are also clear. Those factors are as follows: (1) substantial contribution to the accumulation of the payor’s total wealth by quitting work to become a homemaker or assisting in the spouse’s business; (2) a long marriage; (3) the recipient spouse has no separate income or the separate estate is meager by comparison; and (4) the recipient spouse would lack financial security without the lump-sum award. Cheatham v. Cheatham, 537 So.2d 435, 438 (Miss.1988).
¶ 12. Again, the chancellor did not make specific findings with respect to each of these factors, but his opinion indicates that he considered the length of the marriage and the relative financial situations of the parties, including the relative value of their estates after the agreed property settlement. As with the issue of permanent alimony, we cannot say that the chancellor was manifestly in error or abused his discretion in failing to award lump-sum alimony to Lavera.

(3) The award of $200 per month for two years in rehabilitative alimony was not grossly insufficient.

 ¶ 13. The purpose of rehabilitative alimony is to allow the recipient to become self-supporting after the dissolution of the marriage without becoming destitute in the interim. Hubbard v. Hubbard, 656 So.2d 124, 130 (Miss.1995). The factors used in determining whether rehabilitative alimony is necessary are the same factors previously discussed to determine the necessity of permanent alimony. Turnley v. Turnley, 726 So.2d 1258, 1266- *165 67 (¶¶ 27-28), 1266 n. 3 (Miss.Ct.App.1998) (citing Armstrong factors as basis for awarding rehabilitative alimony).
¶ 14. As noted above, although the chancellor did not make specific findings with respect to every factor listed in Turnley and Armstrong in making his award of rehabilitative alimony, he did specifically consider the parties’ income and expenses, the parties’ health and earning capacities, the obligations and assets of each party, and the length of the marriage in making his award. The parties were also both disabled. Raymond has little income other than his disability benefits, and it was expected that Lavera would also begin receiving disability benefits. Furthermore, the chancellor referenced the fact that the award was made in accordance with the alimony guidelines. As a result, we cannot say that his award of rehabilitative alimony in the sum of $200 per month for two years to Lavera was manifestly in error or an abuse of discretion. Accordingly, we find that this issue is without merit.
¶ 15. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR.